# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|                                         |   |                              |
|-----------------------------------------|---|------------------------------|
| ISAAC HARRIS, et al.,                   | ) |                              |
| **Plaintiffs,**                         | ) |                              |
| v.                                      | ) | Case No. 17-cv-01371 (APM)   |
| MEDICAL TRANSPORTATION MANAGEMENT, INC.,| ) |                              |
| **Defendant.**                          | ) |                              |

## ORDER

Before the court are two motions filed by Plaintiffs: (1) a Motion for Conditional Certification and Issuance of Notice; and (2) a Conditional Motion to Toll Limitations Period for Putative Collective Members. *See* Pls.' Mot. for Conditional Cert. and Issuance of Notice, ECF No. 14 [hereinafter Pls.' Mot. for Conditional Cert.]; Pls.' Conditional Mot. to Toll, ECF No. 15. In the interest of efficiently resolving these motions, the court does not recite the pertinent facts and assumes the parties' awareness of them. Moreover, the court does not engage in a long recitation of the law. Instead, the court is guided by the comprehensive survey of the applicable legal principles set forth in *Stephens v. Farmers Restaurant Group*, 291 F. Supp. 3d 95 (D.D.C. 2018), and *Ayala v. Tito Contractors*, 12 F. Supp. 3d 167 (D.D.C. 2014). For the reasons that follow, the court grants both Motions.

1. Motion for Conditional Certification

The court finds that conditional certification is warranted because Plaintiffs have shown that potential opt-in plaintiffs "*may be*" similarly situated to the named plaintiffs with regard to the alleged violations of the Fair Labor Standards Act ("FLSA"). *Ayala*, 12 F. Supp. 3d at 170

(quoting *Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2d Cir. 2010)). Plaintiffs' burden is "not high," and they have satisfied it by demonstrating that they were subject to a common plan or policy that violated the law. *Id.*; *accord Stephens*, 291 F. Supp. 2d at 105. In this case, the commonality is that the named and potential opt-in plaintiffs routinely worked more than 40 hours a week as drivers for companies that contracted with Defendant Medical Transportation Management, Inc., to supply non-emergency medical transportation ("NEMT") to Medicaid patients in the District of Columbia and that Defendant, as an "employer" under the FLSA, did not pay them an effective minimum wage or overtime wages for their work. These claims, supported by sworn affidavits from Plaintiffs and one opt-in plaintiff, are sufficient at this stage to conditionally certify the proposed class. *See Vasquez v. Grunley Constr. Co.,* No. 15-cv-2106 (GMH), 2016 WL 1559131, at *2–3 (D.D.C. April 18, 2016); *Ayala*, 12 F. Supp. 3d at 171; *Castillo v. P&R Enters.*, 517 F. Supp. 2d 440, 446 (D.D.C. 2007); *see also Hunter v. Sprint Corp.*, 346 F. Supp. 2d 113, 119 (D.D.C. 2004) (stating "that class members in a collective action 'must share more than a common allegation that they were denied overtime or paid below the minimum wage. The class members must put forth *a common legal theory* upon which each member is entitled to relief.'" (citation omitted) (emphasis added)).

To be sure, there are differences within the proposed class of plaintiffs, but those differences are not sufficient to defeat conditional certification. First, as Defendant points out, even among the named plaintiffs, the transportation companies by whom Plaintiffs were directly employed used varying compensation systems. Def.'s Opp'n to Mot. for Conditional Class Cert., ECF No. 33 [hereinafter Def.'s Opp'n], at 6–7. But such uniformity is not a prerequisite to conditional class certification. *See Ayala*, 12 F. Supp. 3d at 172 (rejecting as a basis to deny conditional class certification that the defendants' "pay policies are dictated by the individual

2

contractor for each project and do not operate as a uniform scheme"); *see also Stephens*, 291 F. Supp. 3d at 106 (stating that "defendants cannot defeat conditional certification by pointing to immaterial variations in how the improper policies alleged by the plaintiff were applied").

Second, Defendant contends that at least one transportation company uses drivers for purposes other than NEMT work, and that all providers are free to perform such other work. *See* Def.'s Opp'n at 8. But even if true, that speaks to the damages that would be available to a particular plaintiff and does not defeat conditional certification. *See Stephens*, 291 F. Supp. 3d at 111.

Third, Defendant offers an affidavit from the Quienton Shields, Director of Transportation at MBI Logistics, LLC, a transportation company that contracts with Defendant, who attests that "MBI has always paid its drivers at least the federal minimum wage." Def.'s Opp'n, Decl. of Quienton Shields, Ex. B, ECF No. 33-2, ¶ 7. Shields's declaration, however, is too vague to rebut the statements submitted by Plaintiffs. Shields does not say, for instance, whether MBI pays its drivers time-and-a-half wages for overtime, as required by the FLSA. *See* 29 U.S.C. § 207(a). In any event, even if the court assumes that MBI is fully compliant with the FLSA, the fact that one of many transportation companies adheres to federal wage standards does not, by itself, warrant the denial of conditional certification. *Cf. Stephens*, 291 F. Supp. 3d at 105 (stating that a defendant cannot "thwart conditional certification merely by contradicting plaintiffs' claims," even with voluminous evidence that no violation occurred).

Finally, Defendant places great weight on *Dinkel v. MedStar Health, Inc.*, 880 F. Supp. 2d 49 (D.D.C. 2012), a case in which the district court granted in part and denied in part the plaintiffs' motion for conditional certification. *See* Def.'s Opp'n at 13–15. Defendant argues that Plaintiffs' averments that other drivers in the proposed class were subject to wage practices violative of the

3

FLSA "are bald conclusory assertions devoid of any factual context or specificity" and therefore, as in *Dinkel*, are insufficient to meet their burden of establishing a common practice. *Id.* at 15. In this court's view, however, the court in *Dinkel* demanded too much evidence at the conditional certification stage. All that is required is a modest factual showing. *See Stephens*, 291 F. Supp. 3d at 105; *Ayala*, 12 F. Supp. 3d at 170. Thus, Plaintiffs need not, as *Dinkel* would seem to suggest, proffer non-hearsay evidence establishing that drivers for every transportation company with whom Defendant contracts were not paid in accordance with the FLSA. *Cf. Dinkel*, 880 F. Supp. 2d at 54 (excluding two hospitals from the conditionally certified class because there was no evidence presented that those hospitals participated in the unlawful practice). Instead, at this juncture, it is sufficient that the court can reasonably infer based on pleadings and affidavits that the failure to pay overtime is sufficiently widespread to justify preliminary certification. *Cf. Stephens*, 291 F. Supp. 3d at 106 (observing that "pure speculation" is not sufficient to establish a common policy or practice). Plaintiffs have met that low burden. *See, e.g.*, Decl. of Isaac Harris, ECF No. 20-1, ¶ 16 (asserting, based on conversations with other drivers and declarant's industry experience, that drivers with transportation companies that have contracted with Defendant have or are not paid an effective minimum wage and overtime wages); Decl. of Darnell Frye, ECF No. 14-4, ¶ 14 (same); Decl. of Leo Franklin, ECF No. 14-5, ¶ 15 (same).

Accordingly, the court conditionally certifies a collective of all individuals who provided transportation services under the NEMT contracts between Defendant and the District of Columbia at any time during the period from October 2, 2014, to the present.

    2.    <u>Conditional Motion to Toll Limitations Period</u>

The court concurs with Plaintiffs that it is appropriate in this case to toll the limitations period as of October 2, 2017, the date on which Plaintiffs filed their conditional motion. Plaintiffs

have exhibited "reasonable diligence" in pursuing their rights and those of putative collective-action members. *See Holland v. Florida*, 560 U.S. 631, 653 (2010). The court also finds that extraordinary circumstances warrant tolling the statute of limitations as of October 2, 2017. After Plaintiffs filed their Motion for Conditional Certification, the court immediately stayed briefing on the motion until resolution of Defendant's Motion to Dismiss, ECF No. 10. As acknowledged at the hearing held on April 25, 2018, this court has not previously presided over an FLSA collective action and, when issuing the stay, did not understand that the FLSA requires potential plaintiffs to affirmatively opt into the action to avoid the time-barring of claims. The court thus did not appreciate the limitations consequences of allowing the Motion to Dismiss to remain unresolved for months on end. In such circumstances, it would be patently unfair to potential plaintiffs not to toll the limitations period as of the date Plaintiffs sought relief. Accordingly, the court exercises its discretion and equitably tolls the limitations period for putative collective members from October 2, 2017, until 90 days after the notice has issued.

### 3. Plaintiffs' Proposed Notice

As to Plaintiffs' proposed Notice, the court views Defendant as having largely waived its objections, as those concerns are relegated to a footnote. *See* Def.'s Opp'n at 17–18 n. 5; *Stephens*, 291 F. Supp. 3d at 119 (observing that courts are not required to address arguments "raised only cursorily in a footnote" (internal citation and quotation marks omitted)). In any event, evaluating the outstanding issues raised as compared to Plaintiffs' revised notice, *see* ECF No. 37-1, the court agrees with Plaintiffs that, in light of the transient nature of potential plaintiffs, serving notice by text message is appropriate. *See, e.g., Bhumithanarn v. 22 Noodle Market Corp.*, No. 14-cf-2625, 2015 WL 4240985, at *5 (S.D.N.Y. July 13, 2015). The two proposed text messages only modestly infringe on privacy interests. Such limited intrusion is justified to give potential plaintiffs

notice of possible wage claims. Plaintiffs, however, should take care to ensure that, if a potential plaintiff opts in before the date of the reminder text message, that such plaintiff not receive the follow-on text message. Defendant therefore shall provide to Plaintiffs within 14 days a computer-readable database of all current and former NEMT drivers who have worked for Defendant or have worked for transportation companies under Defendant's contracts with the District of Columbia for the three years prior to October 2, 2017. That database shall include drivers' names, transportation company employers, last-known mailing and e-mail addresses, mobile telephone numbers, dates of employment, and birth dates.

With respect to disclosure of social security numbers, the court is reluctant to compel such disclosure, even on a limited basis, at this time. Although no doubt true that some potential plaintiffs will have changed mailing addresses, thereby frustrating communication by that means, Plaintiffs have not shown that potential plaintiffs are likely also to have changed their mobile phone numbers and e-mail addresses. In this modern age, an electronic communication is likely to be as effective, if not more so, than a snail-mail notice. The court does not, however, deny Plaintiffs' request at this juncture. Rather, Plaintiffs will have to demonstrate that alternative methods of direct communication with a potential plaintiff (e.g., mail, e-mail, text message) have been unsuccessful before the court will decide whether to compel disclosure of drivers' social security numbers.

Finally, the court will require Defendant to post the Notice at locations within Defendant's offices in Washington, D.C., that are accessible and visible to drivers who come into the office. Additionally, Defendant shall mail the Notice for posting to each of the transportation companies with whom it has contracted for any portion of the three-year period preceding October 2, 2017, along with a request that the transportation company post the notice at a location that is accessible

and visible to drivers who come into the company's office. Plaintiffs have not identified a basis on which the court can compel Defendant to *require* the transportation companies, who are not before the court, to post the notice.

The parties are invited to raise any other matters concerning the proposed Notice or the manner of effecting notice at the Status Hearing scheduled for July 18, 2018.

Dated: July 17, 2018
Amit P. Mehta
United States District Judge