# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ISAAC HARRIS, et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> MEDICAL TRANSPORTATION ) <br> MANAGEMENT, INC., ) <br> ) <br> Defendant and ) <br> Third-Party Plaintiff, ) <br> ) <br> v. ) <br> ) <br> STAR TRANSPORTATION LLC, et al., ) <br> ) <br> Third-Party Defendants. ) <br> ) | Case No. 17-cv-01371 (APM) |

## ORDER

Before the court is a Motion to Dismiss Third-Party Complaint by Third-Party Defendants MBI Logistics, LLC ("MBI"), and Star Transportation, LLC. *See* MBI's Mot. to Dismiss Third-Party Complaint, ECF No. 31 [hereinafter MBI's Mot.]; *see also* Minute Order, July 13, 2018, (granting Star Transportation's Motion to Adopt MBI Logistics, LLC's Pleadings, ECF No. 46). Of the three indemnification theories asserted by Defendant/Third-Party Plaintiff Medical Transportation Management ("MTM"), Inc., Third-Party Defendants challenge only one: contractual indemnification pursuant to the services agreements between Third-Party Defendants and MTM ("Services Agreement").[1] Third-Party Defendants contend that the Services Agreement

---

[1] In MBI's Reply Memorandum in Support of Motion to Dismiss Third-Party Complaint, MBI concedes that, under Rule 14 of the Federal Rules of Civil Procedure, MTM's claims for statutory and common law indemnification may proceed. *See* MBI's Reply Mem. in Supp. of Mot. to Dismiss Third-Party Compl., ECF No. 39, at 1–2.

does not provide indemnification for claims by Plaintiffs, who are employees of Third-Party Defendants, for the non-payment of wages. The court disagrees.

The Services Agreement contains an indemnification provision in Paragraph 10 that requires Third-Party Defendants to "defend, indemnify, and hold harmless MTM and MTM's Client[s] against *any* claims, liabilities and expenses, including reasonable attorney's fees, *arising from performance of any service* by [Third-Party Defendants] in connection with this Agreement." *See* MBI's Reply Mem. in Supp. of Mot. to Dismiss Third-Party Compl., ECF No. 39 [hereinafter MBI's Reply], Ex. 1, ECF No. 31-1 [hereinafter Services Agreement], ¶ 10 (emphasis added). Third-Party Defendants contend that the indemnification provision does not apply to the underlying wage claims against MTM because the payment of compensation to employees is not a "service" required to be performed under the Service Agreement. MBI's Mot., Mem. in Supp., ECF No. 31-1, at 6; MBI's Reply Mem. at 2–5. That argument, however, interprets the indemnification clause too narrowly. The D.C. Court of Appeals has characterized similarly-worded indemnification clauses as "broad," "sweeping," and "comprehensive." *See W.M. Schlosser Co., Inc. v. Md. Drywall Co., Inc.*, 673 A.2d 647, 653–54 (D.C. 1996). Applying such a construction here, Plaintiffs' wage claims plainly "aris[e] from performance" of a service covered by the contract—the provision of transportation services by Third-Party Defendants to MTM. Put another way, the wage claims against MTM arise only because Third-Party Defendants "performed" under the Services Agreement. Plaintiffs' wage claims therefore are subject to the indemnification clause.

To avoid this result, Third-Party Defendants ask the court to read the indemnification clause in Paragraph 10 of the Services Agreement in light of another indemnification provision found in Paragraph 24, which concerns costs and litigation expenses incurred by MTM, including

attorney's fees. *See* MBI's Reply at 2–4.[2] Third-Party Defendants make this argument for the first time in their reply brief and, for that reason alone, the court rejects it. *See Am. Wildlands v. Kempthorne*, 530 F.3d 991, 1001 (D.C. Cir. 2008).

In any event, the court finds Third-Party Defendants' reliance on Paragraph 24 to be confusing and ultimately incorrect. Third-Party Defendants argue that, because Paragraph 24 specifically references a breach-of-contract claim, the scope of indemnification under that Paragraph is broader than under Paragraph 10 and, therefore, Paragraph 10 should be construed narrowly as reaching only "claims based on MBI's services." *See* MBI's Reply at 3 (arguing that Paragraph 24 "is general and is applicable for any breach, whereas [Paragraph 10] is limited only to matters related to the services under the contract"). But this parsing ultimately does not help Third-Party Defendants because MTM does not contend that its indemnification demand is based on the breach of any contractual duty owed under the Services Agreement. Rather, MTM argues only that Plaintiffs' wage claims arise out of Third-Party Defendants' "performance of . . . services." *See* MTM's Third-Party Complaints, ECF No. 24, ¶¶ 4, 17. As discussed, the court agrees with MTM's reading; therefore, resort to Paragraph 24 to interpret Paragraph 10 is unnecessary.

Moreover, Third-Party Defendants misread Paragraph 24. As the D.C. Circuit has observed, "indemnification clauses have traditionally been used and interpreted as extending only

---

[2] Paragraph 24 of the Services Agreement states:

> In the event that Transportation Provider fails to comply with each and every term of this Agreement or otherwise is in breach of any term of this Agreement; or in the event that Transportation Provider is required to defend, indemnify and hold harmless MTM with respect to any claim or liability arising out of performance of any service by Transportation Provider in connection with this Agreement, Transportation Provider shall pay all of MTM's costs and litigation expenses, including reasonable attorney's fees that may be incurred by MTM.

Services Agreement ¶ 24.

to third-party claims." *Hensel Phelps Constr. Co. v. Cooper Carry Inc.*, 861 F.3d 267, 275 (D.C. Cir. 2017). Paragraph 24's purpose is to extend indemnification beyond that traditional function and apply it to first-party claims between the contracting parties. That is why Paragraph 24 contains two introductory dependent clauses, one concerning a "breach of any term of this Agreement" and the other concerning "any claim or liability arising out of the performance of any service by [Third-Party Defendant] in connection with this Agreement." *See* Services Agreement ¶ 24. The former clause covers first-party breach of contract claims between the parties; the latter clause covers third-party claims "arising out of" the transportation provider's services. *See James G. Davis Constr. Corp. v. HRGM Corp.*, 147 A.3d 332, 340–41 (D.C. 2016) (similarly reading a more broadly worded indemnification provision as reaching first-party claims). As the indemnification demand at issue here concerns only third-party claims, Paragraph 24's broader scope is irrelevant.

      For the foregoing reasons, Third-Party Defendants' Motion to Dismiss is denied.

Dated: July 17, 2018

Amit P. Mehta
United States District Judge