UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ISAAC HARRIS, et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>MEDICAL TRANSPORTATION )<br>MANAGEMENT, INC., )<br>)<br>Defendant and )<br>Third-Party Plaintiff, )<br>)<br>v. )<br>)<br>STAR TRANSPORTATION LLC, et al., )<br>)<br>Third-Party Defendants. )<br>) | Case No. 17-cv-01371 (APM) |

## ORDER

This Order addresses the parties' disputes as to the final text of the Notice to be issued in this action to putative collective action members—drivers providing non-emergency medical transportation services to Medicaid patients in the District of Columbia—and the Consent Form to be used if a driver decides to opt in. *See* Joint Status Report on Class Notice, ECF No. 54 [hereinafter Notice JSR]. In addition, Defendant Medical Transportation Management ("MTM") has filed a Motion for Partial Relief from Order of July 17, 2018, ECF No. 55 [hereinafter Def.'s Motion], in which it asks the court to modify the order concerning the production of drivers' contact information. The court addresses these issues below.

1. Notice Disputes

The court rejects MTM's proposed addition to paragraph two of the Notice, under the section titled "Introduction." *See* Notice JSR at 4; Notice JSR, Ex. B, ECF No. 54-2 [hereinafter Def.'s Proposal], at 2.[1] Inserting the proposed text—"by the transportation companies who hired them"—has the potential to confuse putative collective action members as to who they would be suing if they joined as plaintiffs in this case, and is not consistent with Plaintiffs' claim, in which they assert that regardless of who actually hired the drivers, MTM is responsible for unpaid minimum and overtime wages.

The court also declines MTM's request to add, in the first paragraph under the section titled "Description of the Lawsuit," text stating that MTM "has added as parties to the lawsuit those transportation companies who hired the Plaintiffs." *See* Def.'s Proposal at 2. As Plaintiffs correctly note, this proposed text has the potential to confuse or mislead putative collective action members. *See* Notice JSR at 4. The fact that MTM has filed third-party claims is a legal aspect of this case that the Notice need not contain.

The court accepts MTM's proposed revision to the second paragraph under the section titled "Description of the Lawsuit." *See* Def.'s Proposal at 2. That requested insertion makes clear that MTM is denying the specific allegation that it is "an employer of Plaintiffs," in addition to denying that it is liable for the allegedly unpaid wages and other costs. The additional text is not likely to cause confusion or discourage drivers from opting in.

Finally, the court rejects MTM's proposal to add to the second paragraph under the section titled "Effect of Joining this Lawsuit," that, if Plaintiffs prevail, their attorneys' fees may be covered "ultimately by the transportation provider company which hired the Plaintiff." *See id.* at

---

[1] Citations are to the page numbers automatically generated by CM/ECF.

3. That proposition is speculative and, in any event, could result in confusion, particularly because the court has declined to endorse MTM's request to include reference to its third-party claims in the "Description of the Lawsuit" section.

2. Consent Form

The court denies MTM's request to insert the phrase "non-emergency medical transportation services" in paragraph 2 of the Consent Form. *See id*. at 4 ¶ 1. Substituting that technical term for the simpler term "work" would serve no clarifying purpose.

The court agrees with MTM's proposed edits to paragraph 3. *See id*. at 4 ¶ 3.

As to paragraph 4, the clause "including filing new lawsuits" may remain in the Consent Form. *See id*. at 4 ¶ 4. An opt-in member is free to authorize counsel to file a new lawsuit, if necessary, to protect his or her rights. Thus, MTM's request to remove this phrase from the Consent Form is denied.

3. MTM's Motion for Partial Relief

The court rules as follows regarding MTM's requested modification of the court's July 17, 2018, Order:

a. The court grants in part MTM's request for additional time to produce drivers' addresses. *See* Def.'s Mot. ¶¶ 2, 5, 8. MTM shall produce drivers' address information no later than August 14, 2018. This extension means that MTM will have had four weeks in which to gather and produce drivers' addresses since the court issued its Order on July 17, 2018. Should MTM need additional time, it may seek an extension by motion.

b. The court denies MTM's request to withhold information in its possession about "owner drivers." *See id*. ¶¶ 2, 8. To the extent such persons should be excluded from this

collective action, the court can take up that legal question in the future, after it is properly presented to the court.

   c. The court denies MTM's request to direct the Third-Party Defendants who have appeared to provide address information for the drivers they employed. *See id*. ¶¶ 6, 8.

   d. Finally, as to MTM's request that it be relieved from providing information it does not have, i.e., drivers' phone numbers, email addresses, and dates of employment, *see id*. ¶¶ 2, 7, 8, the court will hold a hearing on this issue on August 15, 2018, at 2:00 p.m. Counsel for all parties, including Third-Party Defendants, shall attend. If necessary, counsel may appear telephonically, so long as counsel notifies courtroom deputy Jean-Claude Douyon, Jean-Claude_Douyon@dcd.uscourts.gov, in advance of the hearing.

Dated: August 9, 2018

                  Amit P. Mehta
                  United States District Judge