UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **ISAAC HARRIS, et al.,** | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | Case No. 17-cv-01371 (APM) |
| **MEDICAL TRANSPORTATION MANAGEMENT, INC.,** | ) ) ) ) | |
| Defendant. | ) ) ) | |

### ORDER

In November 2021, this court denied the motion filed by Defendant Medical Transportation Management, Inc. ("MTM") for a stay of trial-court proceedings pending the outcome of its Federal Rule of Civil Procedure 23(f) petition. Mem. Op & Order, ECF No. 200 [hereinafter Mem. Op. Denying Stay]. It invited MTM, however, to renew is request "if the D.C. Circuit decide[d] to grant the Rule 23(f) motion." *Id.* at 11. In March 2022, the D.C. Circuit granted the Rule 23(f) petition, *In re Med. Transp. Mgmt.* (*Harris V*), No. 21-8006, 2022 WL 829169 (D.C. Cir. Mar. 17, 2022), and MTM has renewed its request for a stay pending the outcome of that appeal, Def.'s Renewed Mot. to Stay Proceedings During Pendency of Appeal, ECF No. 212 [hereinafter Def.'s Mot.]. That motion is now before the court.

A grant of appellate review of a district court's decision to certify a class under Rule 23 "does not stay proceedings in the district court unless the district court or the court of appeals so orders." Fed. R. Civ. P. 23(f). The D.C. Circuit has not so ordered. Whether to grant MTM's requested stay is therefore a discretionary matter.[1]

---

[1] As the court noted in its Memorandum Opinion and Order on MTM's first motion to stay, while "[b]oth parties frame their arguments in terms of the four factors used in this District to consider motions for preliminary injunctive relief,"

In MTM's view, the D.C. Circuit's decision to review this court's class certification decision on appeal means that reversal is a "plausible" outcome; proceeding to summary judgment before the Circuit announces its decision therefore unnecessarily risks the "expenditure of judicial and party resources on class proceedings that may ultimately be rendered moot" as well as "the issuance of class notice that may need to be retracted, and the associated confusion to non-party drivers and harm to MTM's reputation." Def's Mot. at 4, 5. The court disagrees. Reversal is of course "plausible," but the D.C. Circuit's decision to accept interlocutory review cannot be read to portend either affirmance or reversal. The Circuit granted review because MTM demonstrated that this court's decision "'presents an unsettled and fundamental issue of law relating to class actions' that is 'important' and 'likely to evade end-of-the-case review[.]'" *Harris V*, 2022 WL 829169, at *1 (quoting *In re Lorazepam & Clorazepate Antitrust Litig.*, 289 F.3d 98, 99–100 (D.C. Cir. 2002)). In such circumstances, "[w]hether the district court's decision is questionable need not affect the appropriateness of Rule 23(f) review . . . , as issues of law can be advanced through affirmances as well as reversals." *In re Lorazepam & Clorazepate Antitrust Litig.*, 289 F.3d at 105; *see also Strougo v. Barclays PLC*, 194 F. Supp. 3d 230, 234 (S.D.N.Y. 2016) (rejecting assertion that granting of Rule 23(f) petition "signals a likelihood of success"). Reversal therefore is not preordained.

Additionally, the court is more persuaded by Plaintiffs' assertion that "MTM's likelihood of success on the merits of its interlocutory appeal is irrelevant under the circumstances of this case because the D.C. Circuit's decision will not affect the next phase of the litigation." Pls.' Opp'n to Def.'s Mot., ECF No. 213 [hereinafter Pls.' Opp'n]. This case will proceed to summary

---

*see In re Lorazepam & Clorazepate Antitrust Litig.*, 208 F.R.D. 1, 3 (D.D.C. 2002), because "the D.C. Circuit has not articulated a standard for determining whether a stay is appropriate pending a Rule 23(f) appeal," *see DL v. District of Columbia*, 6 F. Supp. 3d 133, 135 (D.D.C. 2014), the court need not engage in the full four-factor *In re Lorazepam* analysis.

judgment on the joint-employer and general-contractor questions, whether as a combined issue-class action and collective action or as an action solely on behalf of named Plaintiffs. The answers to those questions are equally dispositive as to liability in both scenarios. "If MTM is neither a joint employer nor a general contractor, that would bring an end to the case—it cannot be held liable under District of Columbia law for underpayment of wages." *Harris v. Med. Transp. Mgmt., Inc.*, No. 17-cv-01371 (APM), 2020 WL 5702085, at *6 (D.D.C. Sept. 24, 2020). As the court previously has observed, "MTM is likely to be a joint employer for all drivers or for none at all"— "common evidence is likely to resolve" both questions. *Harris v. Med. Transp. Mgmt., Inc.*, No. 17-cv-01371 (APM), 2021 WL 3472381, at *5, *9 (D.D.C. Aug. 6, 2021). As a result, it is unlikely that the parties will waste significant resources or obtain conflicting judicial pronouncements by litigating Plaintiff's summary judgment motion on those two questions now. *See* Def.'s Mot. at 3–5. In any event, litigation expenses do not rise to the level of irreparable harm. *FTC v. Standard Oil Co.*, 449 U.S. 232, 244 (1980); *Mdewakanton Sioux Indians of Minn. v. Zinke*, 255 F. Supp. 3d 48, 52 (D.D.C. 2017).

MTM also suggests that irreparable harm may come from (1) issuance of class notice before reversal, which would then require corrective notice, *see* Def.'s Reply in Supp. of Def.'s Mot., ECF No. 214 [hereinafter Def.'s Reply], at 5 n.2, and (2) the potential for one-way intervention, Def.'s Mot. at 5. As to issuance of class notice, because the court reads Plaintiffs' position to be that such notice is *not* required for an issue class, *see* Pls.' Opp'n at 6–7, MTM's concerns arising from the need for curative notice are unfounded. And as no class notice is to issue, and so no opportunity to opt out is presented, concerns about one-way intervention are not implicated. *See Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 547–48 (1974) (explaining that one-way intervention arises when litigation is structured so as to "allow members of a class to

benefit from a favorable judgment without subjecting themselves to the binding effect of an unfavorable one," i.e., by "request[ing] exclusion" after there have been developments in the litigation).

MTM further argues that "[i]f the appellate court decides that this case should not go forward on an issue class and collective basis, there will be no adjudication of any issues with respect to any drivers other than the named Plaintiffs." Def.'s Mot. at 3. That is true only to a degree. While the presentation of evidence as to named Plaintiffs could be narrower than for the class, the evidence presented is likely to substantially overlap in either case. The court anticipates that Plaintiffs will attempt to establish joint-employer/general-contractor status with evidence applicable to all drivers. *See Harris v. Med. Transp. Mgmt.*, Inc., 300 F. Supp. 3d 234, 244 (D.D.C. 2018). At the same time, the court expects that MTM will highlight variations among drivers to show that all drivers are not treated the same. *See* Def.'s Mot. at 3 ("The evidence relating to the relationships between MTM, each of the more than 80 transportation service providers . . . , and the individual drivers varied over time and by [transportation service provider]."). Thus, it is likely that the parties will present much the same evidence whether the certified issues are litigated as a class action or only as to named Plaintiffs.

In sum, any differences between what the summary judgment briefs would be in an action on behalf of only the named plaintiffs and in an issue-class and collective action are not significant enough to justify imposing an additional delay in the disposition of the joint-employer and general-contractor issues. This action has been pending for five years. The court understands that briefing is now set to conclude in the Circuit at the conclusion of August. Staying these proceedings until the Circuit renders its decisions would risk weakening the factual record and delay even further any prospect of relief for Plaintiffs. *See In re Rail Freight Fuel Surcharge Antitrust Litig.*, 286

4

F.R.D. 88, 94 (D.D.C. 2012), *vacated on other grounds sub nom. In re Rail Freight Fuel Surcharge Antitrust Litig. – MDL No. 1869*, 725 F.3d 244 (D.C. Cir. 2013).

For the foregoing reasons, MTM's motion is denied. The parties shall file a proposed summary judgment briefing schedule on or before June 10, 2022.

Dated: June 3, 2022

Amit P. Mehta
United States District Court Judge