## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ISAAC HARRIS, et al. | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | Case No. 1:17-cv-01371-APM |
| | * | |
| MEDICAL TRANSPORTATION | * | |
| MANAGEMENT, INC. | * | |
| Defendant and | * | |
| Third-Party Plaintiff | * | |
| | * | |
| v. | * | |
| | * | |
| STAR TRANSPORTATION LLC, | * | |
| et al., | * | |
| Third-Party Defendants. | * | |
| Defendants. | * | |

_____

## ORDER GRANTING SUMMARY JUDGMENT
## TO DEFENDANT MEDICAL TRANSPORTATION MANAGEMENT, INC.
## ON THE ISSUE OF WHETHER MTM IS A JOINT EMPLOYER

Plaintiffs alleged in their Complaint that Defendant Medical Transportation Management Inc. (" MTM") qualified as a joint employer for purposes of the Fair Labor Standards Act ("FLSA") and the District of Columbia wage-and-hour laws.  This Court later certified two issues suitable for class-wide resolution, one of them being "whether MTM qualifies as a joint employer of the putative class members" for purposes of the FLSA and DC wage laws.  See Mem. Op. and Order, ECF No. 240 at 1-3 and Mem. Op. and Order ECF No. 254 at 2. Plaintiffs moved for summary judgment on, and the parties  briefed, the issue of whether MTM was a joint employer. By Memorandum Opinion And Order filed on April 11, 2025 ("Memorandum Opinion") (ECF No. 254),  this Court denied Plaintiffs' motion for summary judgment on this issue, finding  that MTM did not qualify as a joint employer for purposes of the FLSA and D.C. wage laws.

In its Memorandum Opinion, the Court further directed that "[s]hould MTM wish to have judgment entered in its favor, it must bring its own motion." ECF No. 254 at 21, n.6. Thereafter, the Court directed Plaintiffs and MTM to file a Joint Status Report regarding, *inter alia*, their respective positions on future proceedings following issuance of the Memorandum Opinion, which report was filed on May 12, 2025 (ECF No. 258). In the Joint Status Report, MTM proposed that the next appropriate step in the litigation was for the Court to enter summary judgment in MTM's favor on the certified issue of whether MTM is a joint employer, and Plaintiffs stated that "Plaintiffs will not oppose the entry of summary judgment. Plaintiffs do not waive their right to appeal the Court's decision that MTM is not a joint employer." ECF No.258.

At a scheduled hearing on May 13, 2025, after discussion therein with counsel for Plaintiffs and MTM, the Court invited MTM to make an oral motion for summary judgment on the issue of whether MTM is a joint employer as alleged by Plaintiffs in the Complaint.  MTM made such motion, requesting that MTM be granted summary judgment on the issue of joint employer. Plaintiffs, in turn, stated that they did not oppose the granting of MTM's motion, while also stating they did not waive their right to appeal such decision.

Upon consideration of MTM's Motion, the entire record herein and for the reasons set forth in the Memorandum Opinion, this Court finds that MTM is not  a joint employer for purposes of the FLSA or the District of Columbia wage laws and therefore grants MTM's motion for summary judgment on the joint employer issue.

Amit Mehta

Digitally signed by Amit Mehta
Date: 2025.05.18 06:53:59 -04'00'

_____
Hon. Amit P. Mehta
United States District Court Judge