## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ISAAC HARRIS, et al. | * | |
| Plaintiffs, | * | |
| v. | * | Case No. 1:17-cv-01371-APM |
| | * | |
| MEDICAL TRANSPORTATION | * | |
| MANAGEMENT, INC. | * | |
| Defendant/Third-Party Pltf. | * | |
| v. | * | |
| | * | |
| STAR TRANSPORTATION LLC, | * | |
| et al., | * | |
| Third-Party Defs./Defs. | * | |

---------------------------------------------------------------------------------------------------------------

### DEFENDANT AND THIRD-PARTY PLAINTIFF MTM's
### RESPONSE TO PLAINTIFFS' MOTION TO APPROVE
### <u>CLASS NOTICE TO CLASS MEMBERS</u>

Defendant Medical Transportation Management, Inc., by its undersigned counsel, responds as follows to the Motion to Approve Class Notice to Class Members filed by Plaintiffs:[1]

1.    With one exception regarding additional language necessary to provide an accurate portrayal of this proceeding, MTM is in agreement with the form of the proposed long-form notice that was attached as Exhibit A to Plaintiffs' Motion To Approve Notice To Class Members (ECF No. 263), while reserving and not waiving its rights of appeal with respect to the Court's orders granting issue certification under Rule 23(c)(4) and concluding that MTM is a general contractor for purposes of the D.C. wage laws, or with respect to the terms of any order that may be entered by the Court with regard to intervention.

---

[1] This also serves as MTM's response in the affirmative to the Court's minute order of June 11, 2025 requiring MTM to advise the Court of whether it opposes the Plaintiffs' proposed notice.

2.        That one exception concerns the parties' disagreement with Plaintiffs' proposed characterization of the nature of this case and the nature of MTM's purported legal responsibility. Specifically, what remains at issue is Plaintiffs' demand that the long-form notice advise recipients that MTM is responsible under D.C. law for any failure by a company for which they worked to pay them wages without also advising them that MTM is entitled under that same law to recover from those companies any amounts that are deemed owed by them in the event MTM is found liable for such failures.  In two separate places, in the second and third paragraphs respectively, the long-form notice submitted and proposed by Plaintiffs' motion advises, in turn, (i) that "[t]he lawsuit alleges that . . . MTM is a general contractor" and "thus legally responsible for any failure by a company for which the drivers worked to pay them wages required by law for such services", and (ii) that "[t]he Court has ruled that MTM is a general contractor" and "[t]his means that MTM is responsible if your employer failed to pay you any wages you were owed . . . ."

3.        Such statements, without any clarification, clearly and erroneously convey that MTM is singularly responsible for the payment of the drivers' wages if their actual employer fails to pay them appropriately. This is not the law. It is contrary to the indemnification right mandated by the D.C.  wage statutes. And, it is contrary to the consequent nature of these actual proceedings and the fact that MTM has already filed third party claims for indemnification against the companies that employed the three named plaintiffs.

4.        In an effort to work with Plaintiffs and appropriately clarify the nature of MTM's purported legal responsibility, MTM proposed simply that the following highlighted clause be added to the first sentence of the second paragraph of the long-form notice submitted and proposed by Plaintiffs' motion, so that sentence would read as follows:

> The Plaintiffs' claims in this case are only against MTM, not the companies who directly employed the drivers; *however, MTM would be entitled to recover from those companies any amount that are deemed owed in the event that it is found liable*.

Adding this clause to the first, or introductory, sentence of the second paragraph is a simple way of accurately clarifying the generalized, and otherwise misleading, characterizations of MTM's purported legal responsibility for the alleged failure of the drivers' companies to pay appropriate wages that follow later in the second paragraph and in the third paragraph.

5.      In their Motion to Approve Notice to Class Members, Plaintiffs suggest that they offered a "compromise" position by offering to remove the first sentence of the second paragraph, so that the notice recipients would not be told that the current Plaintiffs' claims are "only against MTM and not the individual transportation service providers."[2]

6.      But Plaintiffs' purported "compromise" is not a compromise. It does not address the threshold basic flaw that their proposed  notices – even with the removal of the first sentence of its second paragraph – would still convey the twin false impressions that MTM is singularly responsible for any failure of the transportation companies to pay their drivers appropriate wages under DC law and that this case only concerns MTM's purported responsibility, not their employers', despite MTM's third-party complaints for indemnification.

7.      Likewise flawed is Plaintiffs' tunnel-vision suggestion, at p. 3 of their Motion, that "it is unhelpful in educating the drivers on their claim against MTM . . . to note that MTM will seek monetary relief from the individual transportation providers for any damages due to unpaid wages."  To the contrary, those being solicited to join a lawsuit should be told the whole truth

---

[2] Plaintiffs also state that MTM "was unable to respond before the filing of this motion." Pls' Mo. at 3. That "offer", however, was sent by email at 5:21 pm on June 10, the day the Proposed notice was due to be filed in this proceeding, at which point MTM was not available to consider and respond.

about the nature of the suit. The suggestion that individuals being solicited to attempt to intervene in a lawsuit should only be told about a portion of the suit is the anthesis of education.[3]

8.    Suggesting to these drivers, through a Court-authorized notice, that MTM is legally responsible for any failure by their employer to pay them wages while withholding from them the fact that MTM would be entitled to recover from their employers any amounts that MTM may be deemed to pay would engender confusion among drivers regarding their employment relationships, and the fact that their employers have the primary and ultimate responsibility for the payment of their wages under the DC wage laws, and present a false impression that the drivers' actual employers do not have any responsibility for the proper payment of their wages.

9.    Moreover, the factors going into any decision to join a lawsuit or not are varied, and depend on each driver's individual situation.  The drivers should have as much information as possible before making that decision.  One consideration, for example, might be that a driver was employed by a family member or close friend. Should that driver not be advised that his family member or close friend bears the ultimate responsibility for any unpaid wages?  Related, there are some drivers identified in the class who were also owners of the particular transportation provider that took trips under the program.  Should they not be advised of the law on this issue?

10.    For these reasons, MTM opposes Plaintiffs' proposed long-form notice and requests that the first sentence of its second paragraph in the long form  be revised by the Court so that it reads as follows:

---

[3] MTM's right to indemnification from the transportation providers is absolute.  The statute provides that if a subcontractor fails to pay the required wages and the general contractor is thus held liable for same, the general contractor is entitled to recover those amounts from the subcontractor.  There are no applicable exceptions/qualifications in the statute.

>   The Plaintiffs' claims in this case are only against MTM, not the companies who directly employed the drivers; however, MTM would be entitled to recover from those companies any amounts that are deemed owed in the event that it is found liable.

11.     With such modifications, MTM is in agreement with the form of the long-form Notice[4] submitted by Plaintiffs, subject to its aforesaid reservation of rights of appeal.  A copy of the notice that reflects MTM's proposed edit is attached hereto as Exhibit A.  MTM stands ready to further discuss this matter, should the Court find that helpful.

WHEREFORE, MTM respectfully requests that the Court modify the notice form consistent with the version attached herewith.

Respectfully submitted,

/s/ John J. Hathway
John J. Hathway (#412664)
Whiteford, Taylor & Preston L.L.P.
1800 M Street, N.W., Suite 450N
Washington, D.C. 20036
(202) 659-6800
jhathway@whitefordlaw.com

---

[4] Subsequent to the filing of Plaintiffs' Motion, the parties have agreed upon one further edit to the short-form notice to make the language of that document consistent with the language of the long-form notice. Specifically, the sentence of the short-form notice attached as Exhibit B to Plaintiffs' Motion that stated "The case is only against MTM, not the companies who directly employed you," will be revised to state "The Plaintiffs' claims in this case are only against MTM, not the companies who directly employed the drivers."

William F. Ryan, Jr. (Bar No. MD00360)
David M. Stevens (pro hac vice)
Whiteford, Taylor & Preston L.L.P.
7 Saint Paul Street, Suite 1500
Baltimore, Maryland 21202
(410) 347-8700
wryan@whitefordlaw.com
dstevens@whitefordlaw.com

*Attorneys for Defendant and Third-Party Plaintiff Medical Transportation Management, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of June, 2025, a true and correct copy of the foregoing was served via the Court's e-filing system on all parties of record.

*/s/John J. Hathway*
John J. Hathway